692 So.2d 1100 (1996)
Bret PERILLOUX
v.
BROWN & ROOT, INC. and Highlands Insurance Company.
No. 96-CA-321.
Court of Appeal of Louisiana, Fifth Circuit.
October 1, 1996.
William R. Mustian, Metairie, for Plaintiff-Appellant.
James A. Holmes, New Orleans, for Defendant-Appellee.
Before CANNELLA, DUFRESNE and WICKER, JJ.
*1101 DUFRESNE, Judge.
This appeal arises from a decision of the workmen's compensation judge's denial of Bret Perilloux's (Perilloux) claim for worker's compensation benefits. Perilloux alleges that in July, 1994, while working in the course and scope of his employment with defendant, Brown & Root, Inc. (B & R), he injured his back and had to stop working approximately one week later, on July 26, 1994. Perilloux filed suit against B & R and it's worker's compensation insurer, Highland Insurance Company (Highlands). The workmen's compensation judge denied Perilloux's claim finding that he did not suffer an injury by an actual, identifiable or sudden precipitous event. Rather, the judge determined that any alleged injuries was not a result of an "accident" as set forth in LSA-R.S. 23:1021(1).
Perilloux brings this appeal. For the reasons which follow, we reverse.
The facts of this case are undisputed. The record shows that Perilloux worked for B & R as a pipe fitter for thirteen years. Perilloux described the work of a pipe fitter as involving climbing racks, pulling measurements, picking up pipe, cutting pipe, cleaning pipe, and fitting the pipe together to be welded. Perilloux stated that on a normal work day, lifting would not exceed 20 lbs. However, in July, 1994, B & R became engaged in a "pre-turnaround" at Shell's Norco Refinery during the summer of 1994. Perilloux was assigned to a workshop where he participated in prefabrication of pipe. This was different from regular work, especially in the area of lifting, as the pre-turnaround duties often required lifting of up to 60 lbs. It was during this pre-turnaround that Perilloux began experiencing back pain which progressively worsened over the next seven days. Perilloux testified that his back began hurting on a Tuesday during July, 1994, and that he had to stop working all together approximately one week later, on July 26, 1994.
In fact, on his last day at work, he finished his shift and went to his family doctor later that day, complaining of back pain. Thereafter, Perilloux remained off work for two months and then return to light duty work for approximately five months before stopping his employment with B & R.
Mr. Perilloux's wife testified that she noticed her husband coming home from work with back aches in July, 1994, and after about a week of back pain, made an appointment with their family doctor. Ms. Perilloux also testified that, before July, 1994, Mr. Perilloux was physically active and had no ongoing back problems. Perilloux was physically active and had no ongoing back problems.
We are asked to address the central issue as to whether Perilloux sustained a compensable "accident" as defined by R.S. 23:1021(1). As in this case, should a worker not be compensated for an on-the-job injury when he continues to work in pain?
The record preponderates that at the time Perilloux was doing heavy lifting during the pre-turnaround, he did not feel any sudden pain. However, as he returned home from work, he was experiencing back pain and had realized that he was injured. Perilloux's wife corroborated his account of the onset of pain, as well as his complaints of pain. Perilloux did not relate his pain to any particular event, other than heavy work that he had been performing the week ending July 26, 1994. The evidence presented by Perilloux was uncontradicted and the workmen's compensation judge did not indicate that there was any question regarding Perilloux's creditability.
The preponderance of the medical testimony also supports the findings that an "accident" occurred. In deposition testimony, Dr. Alois J. Binder, (Perilloux's orthopaedist) testified that Perilloux first saw him on August 18, 1994, describing back pain of 3½ weeks duration and the only activity he could recall around that time of the development of his back pain was work related activity. Dr. Binder's impression on that first visit was that Perilloux had a lumbar sprain or strain that was more likely than not related to his activities as a pipe fitter. Throughout Perilloux's treatment, Dr. Binder has always opined that his back pain was caused by work-related activity.

*1102 Dr. Binder
"Q. Doctor, what do you think is the actual cause of this injury that Mr. Perilloux has suffered?
A. I think the injury was secondary to repetitive trauma on the job."
Dr. Binder also testified that the repetitive bending and lifting involved with pipefitting work could be a common mechanism for the type of injury Perilloux had suffered.
Perilloux contends the workmen's compensation judge erred in failing to find that he suffered a "accident" at work.
LSA-R.S. 23:1021(1) defines an "accident" as:
"... an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."

This definition which became effective January 1, 1990, added new elements as highlighted above to the previous definition.
A worker's compensation claimant has the burden of establishing by the preponderance of the evidence that an accident occurred on the job and that he sustained injury. Holiday v. Borden Chemical, 508 So.2d 1381 (La.1987). A worker's testimony alone may be sufficient to discharge this burden of proof if no other evidence discredits or cast serious doubt on the worker's version of the accident, and if the worker's testimony is corroborated by the circumstances following the incident. Barrilleaux v. Dryades Saving & Loan Association, 653 So.2d 690 (La.App. 5th Cir.1995).
In the present case, we are asked to determine the correctness of the workmen's compensation judge's exclusion of Perilloux's claim on the basis that his injuries were not compensable because they were the result of a gradual deterioration that occurred over a period of time. In Barrilleaux, a sedentary worker began to lift boxes and perform other such work. While this work was ongoing, she began to experience back pain which grew progressively worse over a period of six weeks. After working in pain for six weeks, the claimant stopped working. In Barrilleaux, this Court held as follows: "In the instant case we find the evidence supports the finding that the claimant was injured by a series of small strains and sprains of her back over a relatively short and clearly definable period of time. There is a definite point in time at which the claimant's job description changed and the injuries began which is sufficient to constitute the occurrence of an identifiable, work related event within the meaning of the statute."
We find similar facts in this case. Mr. Perilloux's job description abruptly changed when the pre-turnaround began and he was engaged with more lifting of heavier weights. Perilloux's back pain began at work during this pre-turnaround period and became worse over a relatively short and clearly definable period of time. (Approximately one week from when the back pain began.) We do not agree with any suggestion or case interpretation that the amendments to Section 1021(1) were meant to exclude from compensation coverage people who are worn down by their work rather than immediately crippled by it.
After reviewing the jurisprudence and carefully examining the evidence presented in the case sub judice, we find that Perilloux proved that he suffered a compensable "accident" under the amended definition.
This case shows that Perilloux's job required heavy physical labor daily, and in connection with his work, he lifted heavy pieces of pipe. Within a very short time afterwards, he felt pain which steadily progressed until he was unable to work in pain any further and reported his condition to his employer. Even though Perilloux can only offer conjecture that it was his lifting of pipe during the pre-turnaround which injured him, we find the close proximity of the onset of pain satisfied the analysis utilized in Barrilleaux, supra.
The facts in this case clearly reveal that Perilloux's onset of pain was almost contemporaneous with his lifting of heavy pipe while at work, and his report of this pain within a short period of time. This is sufficient to *1103 satisfy the definition of a work-related accident.
Perilloux asked that once we have determined that a compensable accident occurred, we should calculate the award of supplemental earnings benefits. We have reviewed the record and have determined that Perilloux is entitled to supplemental earnings benefits.
The medical evidence reveals that Perilloux will be unable to perform his previous work as a pipe fitter. The rehabilitation counselor, Carla Seyler (Seyler), concluded that Perilloux could return to light to medium work, which would not have the physical demands of a pipe fitter. Dr. Binder advised Perilloux to seek another line of work and restrict himself to light duty. The only conflict is the testimony from Dr. Robert Steiner (orthopaedist) hired by the defendant, Highlands, who could not conclude that Perilloux was disabled from his usual work. However, Dr. Steiner had not reviewed the entire vocational records and was unable to formulate an informed opinion. Thus, we give little weight to his opinion.
Perilloux suggests that his job wage range is from $5.15/hour to $8.00/hour as compared to B & R suggestion, that Perilloux could perform jobs with wages ranging from $5.15/hour to $11.25/hour.
We find that plaintiff established a prima facia case for establishment of SEB. The burden then shifted to the defendants to prove that plaintiff could earn some wages. The employer may discharge that burden by proving that the employee is physically able to perform a certain job and that the job was either offered to the employee or was available in his or the employer's community or reasonable geographic region. Daigle v. Sherwin-Williams, Co., 545 So.2d 1005 (La. 1989). Generally, an injured worker is entitled to SEB when his injuries result in an inability to earn wages equal to ninety percent or more of the wages he was earning at the time of the injury. LSA-R.S. 23:1221(3)(a). The employer can carry his burden of showing that the employee is able to earn some wages by showing that jobs are generally available within the range of the employee's capacity through the testimony of a vocational rehabilitation expert. Ambrose v. Fluor Constructors, Inc., 537 So.2d 1176 (La.App. 4th Cir.1988).
Both plaintiff and defendant challenge each others calculations on the amount which should be used to determine SEB. In this case, we choose the lowest figure presented by the rehabilitation expert which was $5.15/hour. Consequently, assuming that Perilloux can earn wages at the rate of $5.15/hour, the SEB benefits should be calculated as follows:

 $2,347.80 (Average monthly wage pre-injury $546 × 4.3)
 - 885.50 (Earning capacity $5.15 × 40 × 4.3)
 _________
 $1,462.30 (Earning loss differential)
 × 2/3
 _________
 $ 974.87 (Monthly SEB rate)

We find that where a range of earnings are presented by a rehabilitation counselor, the lowest figures in the range should be used in calculating SEB. Dyer v. Gab Business Services, 613 So.2d 801 (La.App. 4th Cir.1993). Assuming that Perilloux can earn wages at a rate of $5.15/hour, his SEB monthly benefit will be $974.87. Accordingly, this monthly amount shall be awarded from the period from July 26, 1994, through September 26, 1994 (the period when Perilloux was out of work before he began part-time work) and from January 13, 1995 (the date Perilloux left employment with B & R) through the present time.
The determination of whether an injured employee is entitled to attorney's fees under LSA-R.S. 23:1201.2 depends on whether the termination was arbitrary and capricious, which means that it was without reasonable foundation.
Highlands denied Perilloux's claim for worker's compensation benefits because it believed Perilloux did not have an "accident" within the meaning of the workmen's compensation statute. After reviewing the record, we do not find that Highlands was arbitrary in its decision and should not be penalized for seeking judicial resolution of the meaning of the statutory definition of an "accident" when that issue was not conclusively resolved by the facts of this case. Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989).
We conclude that this case presents a close issue in a judicial interpretation of LSA-R.S. *1104 23:1021(1), and it is certainly reason for Highlands to seek judicial resolution of the issue regarding the occurrence of an "accident".
For the above reasons, we reverse the decision of the Hearing Officer and award Perilloux SEB in accordance with this opinion

REVERSED AND RENDERED.
WICKER, Judge, concurring.
I respectfully concur in part and would remand for the limited purpose of setting supplemental earnings benefits in accordance with the statutory maximum provided by La. R.S. 23:1202.[1] La.R.S. 23:1202 establishes a maximum compensation rate. Thus, Perilloux's monthly supplemental earnings benefit must comply with the statutory maximum. Daigle v. Sherwin Williams Co., 545 So.2d 1005 (La.1989) at 1010. When there is no evidence in the record as to the maximum weekly compensation rate at the time of the injury this court must remand. See Daigle v. Sherwin Williams Co., 545 So.2d 1005 (La. 1989) at 1010.
NOTES
[1] La.R.S. 23:1202 provides in part:

* * * * * *
(2) For injuries occurring on or after July 1, 1983, the maximum weekly compensation to be paid under this Chapter shall be seventy-five percent of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law, and the minimum compensation for total disability shall be not less than twenty percent of such wage, said maximum and minimum to be computed to the nearest multiple of one dollar. There shall be no minimum compensation for benefits payable pursuant to R.S. 23:1221(3) or (4). In any case where the employee was receiving wages at a rate less than the applicable minimum compensation, the compensation shall be the employee's "wages". In no event shall monthly Supplemental Earnings Benefits exceed four and three tenths times temporary total disability benefits.
B. For the purposes of this Chapter, the average weekly wage in all employment subject to the Louisiana Employment Security Law shall be determined by the administrator of the office of employment security on or before August 1 of each year as of the quarter ending on the immediately preceding March 31 of each year. The average weekly wage so determined shall be applicable for the full period during which compensation is payable when the date of occurrence of injury falls within the twelve-month period commencing September 1 following the determination.