I .McDonald, j.
This is an appeal of a judgment in a workers’ compensation case. Deborah Carter began working as a housekeeper at the Lakeview Regional Medical Center on July 30, 2001. On Monday, September 10, 2001, Ms. Carter called her supervisor, Erica Watson, to report that she thought she had pulled something in her shoulder on the previous Friday, September 7, 2001. Ms. Carter was sent that day to Dr. Roy Saguiguit, an internist at Lakeview Regional Medical Center. Dr. Saguiguit released Ms. Carter to return to work with no restrictions on September 14, 2001.
Ms. Carter filed a disputed claim for compensation on November 14, 2001, asserting that she injured her left arm, neck and shoulder at work while pulling heavy linen carts on September 7, 2001, that no wage benefits had been paid, and that no medical treatment had been authorized. Lakeview Regional Medical Center answered the complaint, denying that Ms. Carter had sustained a work-related injury, contending she was not disabled from working, and denying that she was entitled to any workers’ compensation indemnity or medical benefits.
Following the trial, the Workers’ Compensation Judge (WCJ), Elizabeth Warren, *43 rendered judgment, finding that Ms. Carter “failed to prove a compensable work-related accident under La. R.S. 23:1021(1).” Ms. Carter is appealing that judgment and makes the following assignment of error:
The trial court erred in concluding that claimant failed to prove a compensable work related accident.
THE STANDARD OF REVIEW
In a workers’ compensation case, the appellate court’s review of fact is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate |scourt may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
THE REASONS FOR JUDGMENT
The WCJ’s written reasons indicate in pertinent part:
Medical records admitted into evidence indicate Ms. Carter has a longstanding history of neck, shoulder, and back pain dating back to 1992. St. Tammany Parish Hospital records include the following visits and complaints:
May 20, 1992 — mid back and left shoulder complaints.
August 7, 1995 — neck and left shoulder complaints.
January 1,1998 — left shoulder pain.
October 17, 1998 — left shoulder pain.
June 20, 2000 — left sided chest pain, left neck and arm pain.
September 7, 2000 — left shoulder.
September 25, 2000 — pain in left side radiating to rib cage
October 11, 2000 — mid and upper chest pain with a tight feeling in neck.
Medical records from Dr. Paul Doty, an orthopedic surgeon, indicate that Ms. Carter received treatment from June 1996 through November 1997 for injuries sustained in a 1995 motor vehicle accident. During the course of this treatment, Dr. Doty performed a cervical MRI, which was completely normal.
After the alleged work accident, claimant underwent both a cervical and a lumber MRI recommended by her choice of orthopedic surgeon, Dr. John Logan. Both MRI’s were interpreted as normal. Dr. Doty testified that Ms. Carter’s complaints to him before the alleged work accident and the complaints to Dr. Logan after the alleged work accident were very similar.
Dr. Robert Steiner examined Ms. Carter on April 16, 2002 at LRMC’s request for a second opinion. Dr. Steiner testified by deposition that there were no objective findings to support Ms. Carter’s subjective complaints of pain. Dr. Steiner reviewed medical records and diagnostic tests performed prior to her alleged work accident and opined that her symptoms in 1996 and 1997 were remarkably similar to the complaints made after the alleged work accident.
DISCUSSION
Ms. Carter argues that the fact that her injury developed over the period of one day at work rather than at a particular moment in time does not exclude this event from being defined as an accident and cites Perilloux v. Brown & Root, Inc., 96-321 (La.App. 5 Cir. 10/1/96), 692 So.2d 1100, and Barrilleaux v. Dryades Savings & Loan Association, 94-956 (La.App. 5 Cir. 3/28/95), 653 So.2d 690, writ denied, 95-1041 (La.6/2/95), 654 So.2d 1113, as support for her argument.
*44 However, a thorough reading of the WCJ’s reasons for judgment reveals that Ms. Carter was not denied compensation merely because her symptoms developed over the course of the day. Rather, the WCJ found that Ms. Carter had the burden to prove that a compensable accident occurred, and she failed to meet that burden.
The plaintiff in a workers’ compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992).
As pointed out by the WCJ, Ms. Carter failed to call any witnesses to corroborate her complaints of pain, and she had longstanding complaints of pain in her neck, shoulder and back. Further, there is no medical evidence to prove Ms. Carter was disabled or unable to work after she was released by Dr. Saguiguit on September 14, 2001. At the time of trial, Ms. Carter was working part-time, cleaning offices at night.
After a thorough review of the evidence, we cannot say that the WCJ manifestly erred in finding that Ms. Carter had failed to prove her entitlement to for workers’ compensation benefits. Costs of this appeal are assessed against Ms. Carter.
AFFIRMED.
PARRO, J., concurs.