JAMES L. CANNELLA, Judge.
The Defendant, Cox Communications (Cox), appeals from the judgment of the Office of Workers’ Compensation (OWC) in favor of the Plaintiff, James Bordelon (Bordelon), finding that he was entitled to temporary total disability (TTD) benefits for four days following the accident and to supplemental earnings benefits (SEBs) thereafter, medical and travel expense, and attorney fees and penalties for arbitrarily refusing to pay benefits. For the reasons which follow, we affirm in part and reverse in part.
Bordelon was employed by Cox as a field service representative when, on February 12, 2003, following a normal day’s work in the field as well as a “full install,” he experienced severe back pain. He reported the ailment to his supervisor and sought medical treatment the next day. Bordelon has not returned to his job- since then. On September 29, 2003, Bordelon filed a Disputed Claim Form with the *1110 OWC. Following a hearing, the Workers Compensation judge found that [ aBordelon had been injured by an “accident” while working for Cox on February 12, 2003; that he had aggravated a pre-existing injury; that he was entitled to TTD benefits from the date of the accident through February 16, 2003; that he was entitled to SEBs from February 17 through the present and ongoing; that he was entitled to payment of all medical and travel expenses; that he had not committed willful misrepresentations of his claim; that, because Cox had failed to reasonably controvert the claim and had acted arbitrarily and capriciously in refusing to pay medical and indemnity benefits, he was entitled to a $2000 penalty award for failure to pay medical treatment and expense, a $2000 penalty for failure to pay indemnity benefits and a $6000 award for attorney fees. The judge gave Cox credit for previously paid benefits and for the time period when Bordelon was receiving unemployment benefits. It is from this judgment that Cox appeals, assigning five errors. Borde-lon answered the appeal requesting appellate costs and attorney fees.
On appeal, Cox’s main argument is that the judge erred in finding that Bordelon proved that he suffered a compensable “accident” as defined by the Workers’ Compensation Act.
In order to qualify for workers’ compensation benefits, the claimant has the burden of proving that he sustained a work-related accident. La. R.S. 23:1031. “Accident” is defined in the Workers’ Compensation Act in La R.S. 23:1021(1) as follows:
“Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration. '
|4Cox argues that for Bordelon to be successful, he has the burden of proving that (1) he suffered an “actual, identifiable ... event;” (2) that happened suddenly or violently; (3) that produced objective findings of injury at the time of the event; and (4) that was more than a gradual deterioration or progressive degeneration.
Bordelon disagrees; arguing that the jurisprudence supports a finding that benefits are payable where the injured employee can identify a definable period of time during which he suffered a debilitating work injury. Bordelon relies on two cases from this circuit, Sears v. Berg, 99-457 (La.App. 5th Cir. 9/28/99), 742 So.2d 760 and Perilloux v. Brown & Root, Inc., 96-321 (La.App. 5th Cir.10/1/96), 692 So.2d 1100, in support of his position.
In Sears, the claimant had been an employee of defendant for two years as a commercial air conditioning and heating technician. On the day of his injury he had been assigned to help clean a cooling tower at the Belle Promenade Shopping Mall. The claimant spent the majority of his 12 hour shift hunched over, pressure washing and scraping mud off of the walls of the cells in the tower. At the end of the day, he was exhausted and he went straight home to bed. The next morning, the claimant’s lower back was hurting. However, he did not want to miss work so he took some Tylenol and reported to work that day. The claimant discussed his pain with a co-worker but did not report it to his supervisor until over a week later. During that week, the claimant worked each day in pain, and the pain got worse. When the pain became unbearable, he went to the emergency room and did not return to work.
In affirming the judges award of TTD benefits, this court found that the claimant *1111 had suffered a compensable “accident.” The court found that the claimant does not necessarily have to establish the exact cause of the disability, as long as the causal connection between the disability and his work activities is proven by a [¡^preponderance of the evidence. In so holding, the Court quoted approvingly from an earlier case, Perilloux v. Brown & Root, Inc., 96-321 (La.App. 5th Cir.10/1/96), 692 So.2d 1100, wherein this Court noted:
We do not agree with any suggestion or case interpretation that the amendments to Section 1021(1) were meant to exclude from compensation coverage people who are worn down by their work rather than immediately crippled by it.
In Perilloux, the claimant worked for his employer for 13 years as a pipe fitter when he was assigned to a workshop where he participated in prefabrication of pipe. His duties entailed frequent lifting of up to 60 pounds. It was during these duties that the claimant first experienced back pain which worsened over the next seven days until he could not return to work. In finding that the claimant had suffered a compensable “accident,” this court noted that, despite the lack of evidence of sudden pain, the onset of pain manifested within a very short time of the heavy lifting which he did while at work. The court concluded that since the “onset of pain was almost contemporaneous with his lifting of heavy pipe while at work, and his report of this pain [was] within a short period of time .... [t]his is sufficient to satisfy the definition of a work related accident.”
Appellate review of the judge’s finding are subject to the manifest error or clearly wrong standard of review. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706. Thus, where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, 283 So.2d 716 (La.1973). The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart, supra.
Applying this to the instant case, we find no manifest error in the judge’s finding that Bordelon suffered a compensable accident or injury. Bordelon was generally engaged in “heavy duty” activities as a part of his job, especially on the day of his injury, which included a “full installation” at one location. As part of his job, Borde-lon was allowed to take his work truck home. Bordelon testified that he started experiencing pain as soon as he exited his truck at home at the end of the day. This was corroborated by the testimony of his wife and his supervisor, Todd Loupe (Loupe). Loupe acknowledged that he had a voice message the following morning from Bordelon about the back injury. Bordelon sought immediate medical attention for the pain and has been unable to return to his regular work duties since that day. Dr. John V. Garoutte, the physician Bordelon saw the day after the onset of his pain, further corroborated Borde-lon’s account of the events, finding that his range of motion was 50% of normal and testifying that it could be presumed that low back pain results from a trauma when the back pain starts immediately thereaf *1112 ter.[1] Bordelon’s credibility concerning the onset of his pain was not called into question and we find no reason to upset the trial court finding simply because Bordelon was not “immediately crippled” while on the job.
Cox argues alternatively that if the Court does find that Bordelon’s disability was compensable under the act, the judge erred in awarding Bordelon workers’ ^compensation benefits because adequate proof was presented under La. R.S. 23:1208.1 to support a finding that Bordelon forfeited his right to recovery.
Bordelon argues, to the contrary, that the judge’s finding that Bordelon was not in violation of the forfeiture provision, La. R.S. 23:1208.1, was correct and should be affirmed. Bordelon points out that Cox did not meet its burden of proving that it complied with the mandates of the statute.
The forfeiture provision, La. R.S. 23:1208.1 provides in pertinent part:
Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee’s forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer’s ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the unitten form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type. (Emphasis added.)
The Louisiana Supreme Court recently addressed the employer’s burden of proof under the forfeiture statute in Nabors Drilling USA v. Davis, 03-0136 (La.10/21/03), 857 So.2d 407, stating:
Forfeiture is a harsh remedy; therefore, statutory forfeiture provisions such as LSA-R.S. 23:1208.1 must be strictly construed. Wise v. J.E. Merit Constructors, Inc., 97-0684 (La.1/21/98), 707 So.2d 1214, 1218. By its express terms, LSA-R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute. Id., citing Resweber v. Haroil Const. Co., 94-2708, 94-3138 (La.9/5/95), 660 So.2d 7. The employer has the burden of proving each of the elements required by the statute. Wise, 707 So.2d at 1218. The lack of any one of the elements is fatal to the employer’s avoidance of liability under the statute. Id.
As we noted in Wise, 707 So.2d at 1219, untruthful answers alone do not result in the forfeiture of benefits under LSA-R.S. 23:1208.1. The employer must also prove that it provided the employee with notice comporting with the dictates of the statute.
Based on our review of the record in this case, we find no error in the judge’s finding that Cox’s proof under the forfeiture statute was lacking. Cox was only able to produce the first page of the health questionnaire that was allegedly filled out by Bordelon prior to his employment. How *1113 ever, Cox did not produce the second page and, therefore, did not produce evidence of its statutory compliance, that is, that it provided the employee with notice prominently displayed in ten point bold face block lettering advising the employee that his failure to answer truthfully may result in his forfeiture of worker’s compensation benefits under R.S. 23:1208.1. The second page also would have contained Bordelon’s signature.
Cox points out that Bordelon testified that he recalled signing the health form. Cox attempted to introduce a blank health questionnaire with the notice on page two, as being the form that Bordelon had used and signed. The judge refused to allow admission of the blank form into evidence for that purpose and that ruling has not been assigned as error on appeal. Later during the hearing, Cox had a blank health form, with the notice on page two, admitted into evidence as a business record but it was not connected to Bordelon. There is no testimony that Bordelon remembered being provided the statutorily mandated advisement. Thus, we find that while Cox produced a blank form, as a business record, and testimony from personnel that that was the form used at the time Borde-lon was employed, that does not suffice to meet Cox’s burden, as required by La. R.S. 23:1208.1 and Nabors Drilling, of showing that Bordelon received the statutorily required advisement. Since the Louisiana Supreme Court has held that the lack of proof of any one of the elements is fatal to the employer’s avoidance of liability under the statute, and we find that Cox’ proof of notice was lacking, we find no error in the judge’s ruling that Bordelon did not forfeit his workers’ compensation rights under La. R.S. 23:1208.1.
Next, Cox argues that the judge was clearly wrong in finding that the claim was not reasonably controverted and in assessing two $2000 penalties and a $6000 attorney fee award.
When an employer has failed to pay benefits, the proper standard for review of that decision is whether the employer reasonably controverted the claim. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. A claim for workers’ compensation is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant’s right to benefits has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed. Brown v. Texas-LA Cartage, Inc., supra. Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes, such as the statutes awarding penalties and attorney fees, are to be strictly construed. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41.
In this case, Cox denied Bordelon’s claim for worker’s compensation benefits for two reasons. First, Cox believed that Bordelon did not have an “accident” within the meaning of the workmen’s compensation statute. And |insecond, Cox believed that Bordelon forfeited his right to recover under La. R.S. 23:1208.1. After reviewing the record, we do not find that Cox was unreasonable in its position or that its decision to seek judicial resolution of its defenses to Bordelon’s claim was frivolous. We conclude that this case presented a close issue on judicial interpretation of La. *1114 R.S. 23:1021(1) and it certainly provided reason for Cox to seek judicial resolution of the issue regarding the occurrence of an “accident” under the facts present. Furthermore, we find that Cox’s argument concerning the forfeiture by Bordelon of his right to recover under La. R.S. 23:1208.1, although not ultimately successful, was not frivolous. Therefore, we find that the judge’s finding that Bordelon’s claim was not reasonably controverted was clearly wrong and is set aside as are the awards for penalties and attorney fees.
Next, Cox argues that the judge erred in finding that Bordelon was entitled to TTD benefits and/or SEBs. Cox states that the judge erred in finding that Bordelon was entitled to TTD benefits “after he was able to accept a position with Cox” or other employers of a sedentary or light duty nature.
It appears that Cox must have intended to dispute Bordelon’s entitlement to SEBs, rather than TTD benefits. The judge only awarded TTD benefits from the day after the accident, February 13, 2003, through February 16, 2003, a total of four days. The record indicates that Bordelon was in severe pain during that time and undergoing medical treatment. Cox acknowledges that he was released to light duty work on February 17, 2003. Accordingly, we find no error in the finding by the judge that Bordelon was entitled to TTD benefits for that four day period.[2]
The judge also found that Bordelon was entitled to SEBs from February 17, 2003 “to the present.” The purpose of SEBs is to compensate the injured employee for the wage earning capacity that he has lost as a result of his accident. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52 (La.1993); Caparotti v. Shreveport Pirates Football Club, 33,570 (La.App. 2nd Cir.8/23/00), 768 So.2d 186. In order to obtain SEBs, the claimant must prove, by a preponderance of the evidence, that the work related injury prevents him from earning 90% or more of his pre-injury wages. La. R.S. 23:1221(3); Derrick v. Yamaha Power Sports of New Orleans, 03-184 (La.App. 5th Cir.6/19/03), 850 So.2d 829. Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in an inability to earn that amount under the facts and circumstances of the individual case. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. Once the employee’s burden is met, the burden shifts to the employer who, in order to defeat the claim for SEBs or establish the employee’s earning capacity, must prove by a preponderance of the evidence that the worker is physically able to perform a certain job, which was offered to the employee or was available in the community or reasonable geographic region. La. R.S. 23:1221(3)(c)(i); Banks, supra.
The judge’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations not to be disturbed on review unless found to be clearly wrong or manifestly erroneous. Derrick, supra; Smith v. Radisson Suite Hotel New Orleans, 94-626 (La.App. 5th Cir.1/18/95), 650 So.2d 333, writs denied, 95-0371 (La.3/30/95), 651 So.2d 839. Under this standard of review, as stated above, it is well settled that where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or *1115 clearly wrong. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
Upon review of the record in this case, we cannot conclude that the judge was clearly wrong in her finding that Bordelon was entitled to SEBs. It is not | ^disputed that, prior to the accident, Bordelon worked in a heavy duty employment capacity. It was also proven through medical evidence that Bordelon can no longer work in such capacity, but is restricted to light duty or sedentary work. Bordelon testified, and exhibits corroborate his testimony, that he applied for numerous light duty jobs with Cox, and went to several interviews, but was never offered a position. Thus, based on the evidence presented, especially the degree of work restrictions placed on Bordelon, we cannot say that the judge was clearly wrong in finding that Bordelon met his burden of showing that he was unable to earn 90% of her pre-injury wage.
Consequently, in order to avoid paying SEBs or to establish Bordelon’s earning capacity, Cox was required to prove that a suitable job was available. An employer can discharge its burden by establishing (1) the existence of a suitable job within claimant’s physical capabilities and within claimant’s or the employer’s community or reasonable geographic region, (2) the amount of wages that an employee with claimant’s experience and training can expect to earn in that job, and (3) an actual position available for that particular job at the time that the claimant received notification of the job’s existence. Banks, supra. A “suitable job” means a job that the claimant is not only physically capable of performing, but one that also falls within the limits of the claimant’s age, experience, and education, unless, of course, the employer or potential employer is willing to provide any additional necessary training or education. Banks, supra.
In the present case, it is clear that Cox did not meet its burden. In argument only, Cox references Bordelon’s past employment history in an effort to show suitable employment was available to him. However, it falls short of establishing that a suitable job within Bordelon’s capabilities and his geographic region was |13available to him, with a salary over 90% of his pre-injury salary. Therefore, we find no error in the judge’s conclusion that Bordelon was entitled to SEBs.
Finally, Cox argues that the judge’s ac-knowledgement of credits it is due for disability or unemployment benefits or other insurance payments Bordelon received was ambiguous and should be clarified. We find nothing in the judgment that precludes Cox from setting off any credits, disability, insurance or unemployment, that it is entitled to by law, against the benefit award. Further, we note that Bordelon acknowledged in brief to this Court that Cox was due credit for disability benefits that he has received as well as the unemployment benefits he received. Thus, we find no need for any further clarification, since Cox remains entitled to all credits allowed by law to the workers’ compensation and medical benefits owed.
Accordingly, for the reasons stated above, we affirm the judgment insofar as it held that Bordelon was injured by a work related accident, which aggravated a preexisting condition, and he did not forfeit his right to benefits, entitling him to TTD benefits from February 12, 2003 through February 16, 2003, SEBs from February 17, 2003 to the present and all medical and transportation expenses, subject to all credits against those benefits allowed by law, and we reverse the judgment insofar as it found Cox failed to reasonably controvert the claim or acted in an arbitrary and capricious manner in its refusal to pay benefits, vacating and setting aside the *1116 awards for penalties and attorney fees. Costs of appeal are assessed against each party. The request of Bordelon for attorney’s fees for appeal is denied.

AFFIRMED IN PART AND REVERSED IN PART.

. While there was other medical evidence cited by Cox to the effect that Bordelon’s disability might not have been caused by his work activities, where two permissible views of the evidence exist, we cannot find that the factfin-der was clearly wrong.

. However, as discussed below, Cox in entitled to credit for short term disability benefits which Bordelon may have received during that time.