# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-402


RUBY L. HAWKINS

VERSUS

PILGRIM'S PRIDE CORPORATION


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 09-04181
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion, Judges.


**REVERSED.**

**Dona Kay Renegar**
**Huval, Veazey, Felder, Aertker & Renegar, LLC**
**P. O. Box 80948**
**Lafayette, LA 70508**
**(337) 234-5350**
**Counsel for Defendant/Appellee:**
**Pilgrim's Pride Corporation**

**Richard Bray Williams**
**Williams Family Law Firm, L.L.C**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellant:**
**Ruby L. Hawkins**

**GREMILLION, Judge.**

Ms. Ruby L. Hawkins appeals the judgment of the Workers' Compensation Judge (WCJ) maintaining the exception of prescription in favor of her former employer, Pilgrim's Pride Corporation. For the reasons that follow, we reverse.

**FACTS**

Hawkins was employed at the chicken processing plant in Natchitoches, Louisiana, from 1979 until July 24, 2008, when Pilgrim's Pride terminated her employment. Before her termination, Hawkins had been diagnosed with carpal tunnel syndrome and fibromyalgia. Hawkins had a long history of carpal tunnel issues, for which she underwent surgical procedures in December 2003 and January 2004. Following those procedures, Hawkins returned to modified duty at the plant. Unfortunately, in February 2008, Hawkins developed a worsening of her condition to the point that her treating physician, Dr. Robert E. Goodman, a Shreveport, Louisiana, rheumatologist, directed that she not work from February 11, 2008 through May 8, 2008, and that, when she did return to work, Hawkins not work in a cold environment. During this absence from work, Hawkins received benefits from a short-term disability insurer.

Hawkins attempted to return to work on May 8, 2008, but was not allowed to resume her duties. The company indicated that its policies prohibited an employee from working under restrictions that were not the result of a work-related illness.

Pilgrim's Pride's Human Resources Supervisor, Pearlie Hamilton, notified Hawkins that before she could return to work, Hawkins would have to supply a release to assume the essential duties of her job from her doctor. This notification was sent to Hawkins on May 14, 2008, and required Hawkins to supply the requested documentation no later than May 21, 2008. Hawkins furnished no such release.

Pilgrim's Pride notified Hawkins of her termination by letter dated July 24, 2008.

Hawkins filed a Disputed Claim for Compensation with the Office of Workers' Compensation on May 19, 2009, seeking supplemental earnings benefits, statutory penalties, attorney fees, and legal interest. Pilgrim's Pride interposed an exception of prescription, arguing that Hawkins' claim was untimely as it was brought more than a year after she became disabled from work and more than three years after the last payment of compensation to Hawkins. The hearing on this exception was held on November 9, 2009. The WCJ ruled from the bench maintaining Pilgrim's Pride's exception. Judgment was signed on November 30. Hawkins then perfected this appeal.

## ASSIGNMENT OF ERROR

Hawkins assigns as error the WCJ ruling that the date she was disabled as a result of an occupational disease was February 11, 2008.

## ANALYSIS

The compensation for disability resulting from occupational diseases is governed by La.R.S. 23:1031.1. The statute specifies that work-related carpal tunnel syndrome is an occupational disease. La.R.S. 23:1031.1(B).

Revised Statute 23:1031.1(E) governs prescription in occupational disease claims and provides:

> All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
>
> (1) The disease manifested itself.
>
> (2) The employee is disabled from working as a result of the disease.
>
> (3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.

2

Subsection (E) uses no conjunction between the three paragraphs. The courts, however, have ruled that prescription on the claim does not begin to toll until all three conditions have been met. *Bynum v. Capital City Press*, 95-1395 (La. 7/2/96), 676 So.2d 582.

The WCJ reasoned that Hawkins first manifested carpal tunnel syndrome in 2003. There was little doubt that she knew the carpal tunnel syndrome was work-related. The issue on which the exception turned was the date Hawkins was disabled from work as a result of the condition. For the WCJ, that date was February 11, 2008, when Dr. Goodman excused her from work.

This represents a finding of fact on the WCJ's part, and is thus subject to review under the manifest error standard. *Id.* This standard of review requires the appellate court review the entire record, not to determine whether the WCJ was right or wrong, but whether his conclusion is reasonably supported by the record. *See Cosse v. Allen-Bradley Co.,* 601 So.2d 1349 (La.1992); *Housley v. Cerise,* 579 So.2d 973 (La.1991); *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106 (La.1990). We are constrained both by the WCJ's capacity to evaluate the witnesses and by the proper allocation of constitutional authority between the administrative officer and the appellate court. Where two permissible views are reflected in the record, the WCJ's finding of fact can never be wrong. *Stobart v. State through Dept. of Transp. and Dev.*, 617 So.2d 880 (La. 1993).

The February 11 letter from Dr. Goodman relates at least a degree of Hawkins' disability to carpal tunnel syndrome. It informs its reader, however, that on May 8, 2008, Hawkins could return to work in conditions that do not expose her to cold. This was not a new restriction on Hawkins' employment. She had been restricted

3

from a cold environment by Dr. Gordon Mead, who performed the two carpal tunnel release procedures.

The WCJ viewed this case as one involving disability for a period of limited duration. It is not disputed that the prescriptive period in this case commenced when Hawkins was "disabled" from work. The dispute is as to when this date arrived.

Hawkins contends that the case of *LaCour v. Hilti Corp.*, 98-2691 (La. 5/18/99), 733 So.2d 1193, disposes of this issue. A discussion of *LaCour* is warranted. The claimant in *LaCour* was a jackhammer salesman engaged in outside sales. He developed difficulties with carpal tunnel syndrome and elbow tendinitis that was related to his sales activities. Between April 1992 and August 1995, LaCour underwent three surgical procedures related to those conditions. After each surgery, Mr. LaCour received short-term disability, and he was told repeatedly by his doctors that he needed to modify his job or expect more problems.

The *LaCour* Court had to answer the same question that challenges this court. Namely, on what date was the third and final *Bynum* condition met? Stated more directly, on what date was Mr. LaCour "disabled"? There were three dates in contention.

The earliest date, November 14, 1995, was the date that his employer sent him a letter advising that if he was "physically unable to return to work" by January 11, 1996, he would no longer be an "employee." The next date chronologically was a non-specific date in December 1995 when, according to Mr. LaCour's testimony, he "finally realized that he was unable to return" to work. Obviously, the last date was the termination date of January 11, 1996 provided by the employer in its November 14, 1995 letter.

4

The WCJ ruled that the last date, January 11, 1996, was the date LaCour had become disabled, because that was the date he was forced to terminate his employment. The supreme court agreed and stated expressly that, "January 11, 1996 was the date when Mr. LaCour's disability began because that was the date when he was forced to terminate his employment and all three factors set forth in *Bynum* were met." *LaCour*, 733 So.2d at 1195-96.

In *LaCour*, the Supreme Court found that the termination date was the disability date. Hawkins contends that *LaCour* stands for the proposition that, as a matter of law, prescription on occupational disease claims does not commence until the employee is terminated. We agree. The supreme court clearly stated that it was not until LaCour's condition forced his termination that his disability commenced. The present matter is almost directly on point, and we find *LaCour* binding.

## CONCLUSION

The workers' compensation judge found that Hawkins was disabled as of February 11, 2008, when she was excused from work by Dr. Goodman. We find that the *LaCour* case, however, stands for the proposition that under these circumstances, the date of termination marks the commencement of the prescriptive period under La.R.S. 23:1031.1. Hawkins was terminated by letter dated July 24, 2008. Because Hawkins initiated her claim for compensation within a year of her termination, it was timely filed.

The judgment of the Workers' Compensation Judge is reversed. Costs of this appeal are taxed to defendant/appellee, Pilgrim's Pride Corporation.

**REVERSED.**

5