MAX N. TOBIAS, JR., Judge.
hThe defendants-appellees, Bon Jour Café, Inc. and John Tsatsoulis d/b/a Market Café, seek to dismiss the appeal of the plaintiff-appellants, Stuart M. Smith and Barry J. Cooper, Jr. The appeal before us is from a judgment denying a motion for partial summary judgment wherein the plaintiffs/appellants sought a permanent injunction. No order was signed by the trial court pursuant to La. C.C.P. art. 1915 B certifying the judgment as final and immediately appealable.[1]
*784 Ordinarily, the denial a motion for summary judgment or partial summary judgment is an interlocutory judgment reviewable only on an application for a ^supervisory review from an appellate court. La. C.C.P. arts. 1841 and 2201; Gieck v. Tenet Healthcare Corp., 07-1597, p. 3 (La.App. 4 Cir. 1/23/08), 976 So.2d 767, 769; Lalla v. Calamar, N.V., 08-0952, pp. 5-6 (La.App. 4 Cir; 2/11/09), 5 So.3d 927, 931. Similarly, no appeal lies. from the denial of a motion for summary judgment or partial summary judgment regardless of whether a trial court certifies that judgment as immediately appealable. Williams v. Asbestos Defendants, 11-0716, pp. 5-6 (La.App. 4 Cir. 5/16/12), 95 So.3d 497, 501; Safeguard Storage Props., L.L.C. v. Donahue Favret Contractors, Inc., 10-0673, p. 20 (La.App. 4 Cir. 3/31/11), 60 So.3d 110, 123.
Nevertheless, La. C.C.P. art. 3612 states:
A. There shall be no appeal from an order relating to a temporary restraining order.
B. An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pen-dency of an appeal unless the court in its discretion so orders.
C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
D. Except as provided in this Article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III. [Emphasis supplied.]
It is hornbook law that a specific law controls over a general law. Silver Dollar Liquor, Inc. v. Red River Parish Police Jury, 10-2776, p. 10 (La.9/7/11), 74 So.3d 641, 648; Burge v. State, 10-2229, p. 5 (La.2/11/11), 54 So.3d 1110. 1113. Article 3612 is a specific law relating to injunctions; article 1915 is a general statute relating to all judgments. Here, the judgment appealed relates to an injunction and is thus appealable by law according to article 3612.
The motion to dismiss the appeal is denied.
MOTION TO DISMISS APPEAL DENIED.
LOVE, J., dissents and assigns reasons.

. La. C.C.P. art. 1915 B states in pertinent part:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconven-tional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision *784 shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.