ROBERT M.. MURPHY, Judge.
IsjClaimant, Kelley Quigley, appeals the November 18, 2013 judgment rendered by the Office of Workers’ Compensation, District 7, dismissing her disputed claim against her former employer, Harbor Seafood & Oyster Bar, Inc., and Louisiana Restaurant Association Self Insured Fund Claims Management (“LRASIF”) for penalties and attorney’s fees. For the reasons that follow, we affirm.
FACTUAL BACKGROUND
Claimant, Kelley Quigley, was employed as a part-time server at defendant, Harbor Seafood & Oyster Bar, Inc., a restaurant located in Kenner, Louisiana. On November 10, 2009, claimant slipped and fell during the course of her employment, which resulted in an injury to her lower back. Following the incident, claimant moved to Georgia where she secured other employment. Harbor Seafood provided claimant with indemnity and medical-benefits, which included compensation for surgery for a herniated lumbar disc on May 8, 2013.
■ ⅛ geptember i3; 2013, claimant filed a Disputed claim for Compensation (Form ⅛08)> alleging ⅛£⅛ defendantS) Harbor geafood and LRASIF; failed to pay ,supplemental earnings benefits (“SEBs”) ¾⅛⅛ May 8, 2018 surgery. Claimant further sought statutory penalties and attorney’s fees as a result - of defendants’ failure to pay SEBs.
In response, defendants filed a motion for summary judgment on October 17, 2013, wherein they asserted that claimant failed to provide defendants with any notice or demand for SEBs prior to the filing of her claim for compensation on September 13, 2013. In support of their motion for summary judgment, defendants attached an affidavit of Jan Provenzano, the adjuster for LRASIF handling Ms. Quig-ley’s claim, averring that she never received any documentation from a physician indicating that claimant had work restrictions, or a Form 1020 indicating that claimant sustained a compensable wage loss since the date.of her surgery. As a result of claimant’s alleged failure to provide defendants with any such request for SEBs, defendants sought to have her claim for SEBs,' penalties and attorney’s fees dismissed with prejudice.
In her November 4, 2013 opposition to defendants’ motion for summary judgment, claimant asserted that because defendants approved and paid for her' back surgery, including - post-operative care, it should have been evident to defendants that claimant was entitled to SEB payments following her surgery. Accordingly, claimant argued that defendants’ failure to conduct any investigation into the nature and extent of her ■ disability for purposes of SEBs warranted an award of past-due SEBs, penalties and attorney’s fees. *49 Claimant also filed with, the workers’ compensation court a letter from her physician, Dr. Louis G. Horn, dated November 1, 2013. Dr. Horn’s letter stated that claimant underwent back surgery in May of 2013, and that she was currently receiving physical therapy in an effort to decrease her back pain and to assist her in returning to work. Dr. Horn further stated that claimant was restricted from climbing, twisting, bending, crawling, or | lifting more than fifteen pounds. Additionally, claimant filed her own affidavit, averring that she has been' totally disabled from work since her Surgery, and that her physician denied her requests for verification of her disability because LRASIF had been made aware of her inability to work.
On November 18, 2013, the workers’ compensation court held a hearing on defendants’ motion for suminary judgment. At the hearing, defendants argued that the November 1, 2013 letter from Dr. Horn was the first notice they had received of any disability on behalf of claimant for purposes • of. SEB payments, which was received approximately two months after she filed her disputed claim for compensation. In response, claimant argued that the adjuster was aware of her post-surgery disability and that defendants should have been aware of her need for SEBs, given their extensive knowledge of her initial injury and subsequent.treatment.
At the conclusion of the hearing, the workers’ compensation judge (“WCJ”) denied defendants’ motion for summary judgment. In addition to denying defendants’ motion for summary judgment, the WCJ further ordered defendants' to- pay SEBs to claimant retroactive to the date of her surgery, and ordered claimant to submit 1020 forms to defendants indicating her compensable wage loss retroactive to the date of her surgery. As for claimant’s claim for penalties and attorney’s fees, the WCJ stated that “[claimant] has a. duty if she; wants SEBs' to submit 1020s. She’s not submitting 1020s.”: Accordingly;. the WCJ denied claimant’s claim for penalties and attorney’s fees, and dismissed claimant’s disputed claim without prejudice,: as there were no remaining issues in dispute. On .that-same day, the WCJ signed a judgment to that effect.' Claimant now appeals, and also requests an award of attorney’s fees in connection with this appeal.
■.,-^ASSIGNMENTS OF ERROR
On' appeal, claimant raises the following assignments of error: ■
1. The WCJ erred by failing to award statutory penalties and attorney’s fees, where it awarded retroactive ' SEBs at trial, without finding that ’ defendants reasonably controverted claimant’s claim for SEBs.
2.. The WCJ erred in failing to find that defendants breached their duty to investigate the extent and nature of claimant’s disability prior to and . ■ after her surgery.
LAW AND DISCUSSION
In her first assignment, of error, claimant contends that she is entitled to statutory penalties and attorney’s fees as a result of defendants’ failure to reasonably controvert her claim for SEBs'following her May 8, 2013 surgery.
; Factual determinations in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Dean v. Southmark Const., 03-1051 (La.7/6/04), 879 So.2d 112, 118. Under this standard, an appellate court mayt only reverse a workers? compensation judge’s factual findings if it finds from the record that a reasonable factual basis for the finding does not exist, or that examination of the entire record reveals that the finding is clearly erroneous. Wilson v. *50 Metropolitan Center, 12-487 (La.App. 5 Cir. 3/13/13), 113 So.3d 261, 266; see also Banks v. Indust. Roofing & Sheet Metal Works, 96-2840 (La.7/1/97), 696 So.2d 561, 556.
•Entitlement to supplemental'-earnings benefits is governed by • La. R.S. 23:1221(3), which provides that the injured employee has the initial burden of proving by a preponderance of the evidence that she is unable to earn wages equal to ninety percent (90%) of her pre-injury wages. Poissenot v. St. Bernard Parish Sheriff's Office, 09-2793 (La.1/9/11), 56 So.3d 170, 174; La. R.S. 3:1221(3)(a)(i). In determining if an injured employee has met her initial burden of proving entitlement to supplemental earnings benefits, the reviewing court must examine | fiall evidence that bears upon the employee’s inability to earn ninety percent or more of his pre-injury wages. Wilson, supra at 266. An ■ injured worker’s testimony that she is no longer able to return to her pre-injury employment, without more, is insufficient to prove entitlement to supplemental earnings benefits. Id. Under La. R.S. 23:1201(C), supplemental earnings benefits “shall become due on the fourteenth day after the employer or insurer has knowledge of the compensable supplemental earnings benefits ...”
The statutory provisions permitting the assessment of penalties and attorney fees for nonpayment of workers’ compensation benefits are penal in nature and must be strictly construed. Wilson, supra at 268 (citing Bordelon v. Cox Communications, 05-40 (La.App. 5 Cir. 5/31/05), 905 So.2d 1107, 1112, writ denied, 05-1759 (La.1/27/06), 922 So.2d 549.) La. R.S. 23:1201(F) provides for the assessment of a penalty and reasonable attorney fees against the employer or insurer for the failure to timely commence or timely continue paying benefits unless the claim is reasonably controverted or if the nonpayment results from conditions over which the employer or insurer had no control. Lee v. Heritage Manor of Bossier City, 41,828 (La.App. 2 Cir. 3/14/07), 954 So.2d 276, 283-84, writ denied, 07-0736 (La.5/18/07), 957 So.2d 157. An employee’s right to receive compensation benefits will be deemed reasonably controverted if the employer or insurer had a reasonable basis for believing that compensation was not due. Wilson, supra.
In this case, the record is devoid of any evidence indicating that claimant notified defendants of her claim for SEBs prior to the filing of her disputed claim on September 13, 2013.- Claimant does not dispute that she failed to send defendants a request for SEBs or any other verification of her post-surgery disability prior to September 13, 2013, but instead argues that it should not have [ 7been necessaiy for her to do so in light of the fact that she underwent serious lumbar surgery, which defendants were aware of and paid for. Claimant also argued at the hearing that the adjuster was aware of her need for SEBs, which the adjuster directly controverted in her affidavit.
After reviewing the record, we find no error in the WCJ’s denial of claimant’s claim for penalties and attorney’s fees. Because claimant did not notify defendants of her claim for SEBs prior to filing her disputed claim, it cannot be said that defendants failed to comply with their obligation to pay SEBs, as contemplated by an award of penalties and attorney’s fees under La. R.S. 23:1201(F). Accordingly, we find that-there was no need for the WCJ to make a . finding as to whether defendants reasonably controverted claimant’s claim for SEBs in connection with her claim for penalties and attorney’s fees, as defendants had no knowledge of any claim to reasonably controvert.
It is not enough for claimant to assume that defendants have knowledge of her *51 demand for SEBs by the mere fact that they paid for lumbar surgery and subsequent treatment. Rather, the law provides -that the injured employee has the initial burden of proving by a preponderance of the evidence that she is unable to earn wages equal to ninety percent (90%) of her pre-injury wages in order to receive SEBs. In this ease, claimant failed to establish her entitlement to SEBs until she submitted- the letter from her physician months after she filed her claim for penalties and attorney’s fees against defendants. At that point, the WCJ awarded claimant SEBs retroactive to the date of her surgery, but properly denied her claim for penalties and attorney’s fees. Accordingly, we find no merit to this assignment of error. '
For the same reasons, we find no merit to claimant’s sécond assignment of error. Because claimant failed to notify defendants of hér claim for SEBs prior to lathe filing of her disputed claim, we find that defendants did not breach any duty to investigate the nature’ and-extent of claimant’s disability for purposes of her claim for SEBs.
Finally, given that we have found claimant’s assignments of error to be without merit, we decline to award her attorney’s fees in connection with this appeal.
CONCLUSION
Accordingly, and for the foregoing reasons, we affirm the November 18, 2013 judgment of the workers’ compensation court. Further, we deny claimant’s request for attorney’s fees in connection with this appeal. All costs of this appeal are assessed against claimant.

AFFIRMED