## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
## 19-81

**DUANE G. TOWER**

**VERSUS**

**CONOCOPHILLIPS COMPANY**

**\*\*\*\*\*\*\*\*\*\***

ON APPLICATION FOR SUPERVISORY WRIT FROM
THE OFFICE OF WORKER'S COMPENSATION,
DISTRICT 3, NO. 18-00019
HONORABLE DIANNE MAYO, PRESIDING

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.

**WRIT DENIED.**

**Deborah D. Kuchler**
**Michele Hale DeShazo**
**Mark E. Best**
**Katherine B. Wells**
**Kuchler Polk Weiner, L.L.C.**
**1615 Poydras Street, Suite 1300**
**New Orleans, LA 70112**
**(504) 592-0691**
**Counsel for Defendant/Relator:**
  **ConocoPhillips Company**


**Thomas A. Filo**
**Cox, Cox, Filo Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**Counsel for Plaintiff/Respondent:**
  **Duane G. Tower**

**PERRY, Judge.**

Relator, ConocoPhillips Company ("ConocoPhillips"), seeks a supervisory writ from the judgment of the Workers' Compensation Judge (WCJ) which denied ConocoPhillips's motion for partial summary judgment on the issue of prescription. We called up the writ and heard oral argument. We affirm the judgment of the OWC.

## FACTS AND PROCEDURAL HISTORY

Respondent, Duane Tower ("Tower"), alleges that from February 1969 to January 2008, ConocoPhillips employed him as a utility helper, machinist, and tool room attendant at ConocoPhillips's Lake Charles refinery before he voluntarily retired on January 1, 2008. On January 2, 2018, Tower filed a disputed claim for workers' compensation benefits under the Louisiana Workers' Compensation Act (LWCA), La.R.S. 23:1021, *et seq.,* alleging that he had sustained a gradual occupational noise-induced hearing loss. Tower makes claims for supplemental earnings benefits (SEB) and medical benefits, as well as a claim for penalties and attorney fees for the arbitrary and capricious handling of his claims for benefits. Although ConocoPhillips disputed Tower's cause of action and the timeliness of his claim, ConocoPhillips tendered payment to Tower for his medical expenses.

ConocoPhillips filed a motion for summary judgment seeking dismissal of Tower's claims for SEB on the grounds that there was no evidence that his alleged hearing loss rendered him disabled or unable to earn at least ninety percent of his prior wages, and that his claims are prescribed under La.R.S. 23:1031.1(E), which governs prescription for occupational illness and disease claims. The WCJ denied both aspects of ConocoPhillips's motion for summary judgment.

In its argument to this court, ConocoPhillips only seeks review of that aspect of the WCJ's judgment which denied its claim that Tower's claim was prescribed.

## SUPERVISORY RELIEF

The jurisprudence has held that "the denial [of] a motion for summary judgment or partial summary judgment is an interlocutory judgment reviewable only on an application for a supervisory review from an appellate court." *Smith v. Tsatsoulis*, 14-742, pp. 1-2 (La.App. 4 Cir. 9/3/14), 161 So.3d 783, 784, *writ denied*, 14-2018 (La. 10/9/14), 150 So.3d 889 (citations omitted).

As a preliminary matter, Tower argues that the exercise of this court's supervisory jurisdiction is not warranted because a reversal of the trial court's ruling denying ConocoPhillips's motion for summary judgment will not totally terminate the litigation. *See Herlitz Constr. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878 (La.1981). In that regard, Tower contends that although ConocoPhillips identifies its pleading as a motion for summary judgment seeking the dismissal of "all claims," its pleading is actually a motion for partial summary judgment because it does not address any aspect of Tower's claim for penalties and attorney fees arising out of ConocoPhillips's alleged arbitrary and capricious handing of his claim. While Tower may be correct in his assertion that a reversal of the WCJ's ruling on ConocoPhillips's motion for summary judgment may not terminate the entire litigation, an appellate court's exercise of its supervisory jurisdiction is discretionary. Further, we find that the resolution of the question of whether Tower's claim for SEB has prescribed serves to clarify which issues may properly proceed to trial in the present case and may have an impact on the resolution of the prescription issues for various other pending cases which involve claims for occupationally-induced hearing loss. Accordingly, we find it appropriate to address the issues ConocoPhillips raises.

STANDARD OF REVIEW

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. It is well accepted that an appellate court reviews a motion for summary judgment de novo, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. *Hines v. Garrett*, 04-0806 (La. 6/25/04), 876 So.2d 764. "A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate." *Larson v. XYZ Ins. Co.*, 16-0745, pp. 6-7 (La. 5/3/17), 226 So.3d 412, 416. "Damage is sustained, within the meaning of prescription, only when it has manifested itself with sufficient certainty to support the accrual of a cause of action." *Cole v. Celotex Corp.*, 620 So.2d 1154 (La.1993). The damages suffered must at least be actual and appreciable in quality. *Labbe Serv. Garage, Inc. v. LBM Distribs, Inc.*, 94–1043 (La.App. 3 Cir. 2/1/95), 650 So.2d 824.

The burden of proof remains with the mover to show that no material issues of fact exist. La.Code Civ.P. art. 966(D). The mover must present supportive evidence that the motion for summary judgment should be granted. *Robicheaux v. Adly*, 00-1207 (La.App. 3 Cir. 1/31/01), 779 So.2d 1048. Once the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of proof shifts to the nonmoving party to present evidence demonstrating the

3

existence of issues of material fact which preclude summary judgment. *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-0281 (La.3/14/97), 690 So.2d 41.

From the outset, we observe that instead of filing a peremptory exception of prescription to challenge the timeliness of Tower's claim, ConocoPhillips raised the prescription issue via a motion for summary judgment. This court has stated that "[a]lthough typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also be raised by motion for summary judgment." *Trahan v. BP Am. Prod. Co.*, 16-267, p. 3, (La.App. 3 Cir. 12/7/16), 209 So.3d 166, 170, *writ denied*, 17-0022 (La. 3/24/17), 216 So.3d. 815 (citation omitted).

In *Labbe,* 650 So.2d at 829 (citation omitted), this court further noted:

[T]he filing of a motion for summary judgment based on the plea of prescription practically subjects the movers to a higher burden of proof than if the movers had filed only the peremptory exception of prescription. The burden of proof on the movers for summary judgment . . . is particularly exacting in that they are required to prove, based solely on documentary evidence and without the benefit of testimony at a hearing, that there is no genuine material factual issue in dispute regarding the day upon which plaintiff acquired or should have acquired knowledge of the damage. On the other hand, pleading prescription alone subjects the exceptor to proving, by a preponderance of the evidence, that the plaintiff's claim has prescribed. Additionally, if on the face of the petition it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period. At a hearing on the exception of prescription, the parties are allowed to call witnesses to testify and the factfinder is allowed to weigh credibility. On summary judgment, this is prohibited.

*See also, Hogg v. Chevron USA, Inc.*, 09-2632, 09-2635 (La. 7/6/10), 45 So.3d 991.

### PRESCRIPTION: OCCUPATIONAL DISEASES

The Louisiana Supreme Court has held that "plaintiffs' gradual noise-induced hearing loss as a result of their exposure to hazardous levels of noise in the course and scope of their employment constitutes an 'occupational disease' within the

meaning of the LWCA." *Arrant v. Graphic Packaging Intern., Inc.*, 13-2878, pp.19-20 (La. 5/5/15), 169 So.3d 296, 308. With regard to the prescriptive period for claims arising out of an occupational disease, La.R.S. 23:1031.1(E) provides as follows:

> All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
>
> (1) The disease manifested itself.
>
> (2) The employee is disabled from working as a result of the disease.
>
> (3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.

Although this court has held that La.R.S. 23:1031.1(E) does not use a conjunction between the three paragraphs in that statute, this court has followed the jurisprudence that has interpreted La.R.S. 23:1031.1(E) to mean that prescription does not begin to run until all three of the conditions listed in that statue have been met. See *Hawkins v. Pilgrim's Pride Corp.*, 10-402 (La.App. 3 Cir. 11/3/10), 49 So.3d 1069, *writ denied*, 10-2675 (La. 1/28/11), 56 So.3d 958.

## ON THE MERITS

ConocoPhillips asserts that the workers' compensation court should have granted its motion for summary judgment and dismissed Tower's hearing loss claims as prescribed. ConocoPhillips points out that Tower filed his workers' compensation claim more than ten years after he retired from the workforce. ConocoPhillips asserts that all three of the conditions set forth in La.R.S. 23:1031.1(E) were met by Tower's retirement date of January 1, 2008. In that regard, ConocoPhillips contends that Tower's hearing loss manifested itself in the 1980s and that by the time that Tower retired, he believed that his work at ConocoPhillips's refinery caused his hearing loss. ConocoPhillips argues that if Tower's occupational, noise-induced

hearing loss was so significant that it rendered him disabled, he became disabled no later than on his retirement date of January 1, 2008. ConocoPhillips takes the position that because Tower's claim was not filed within one year of that date, his claim is prescribed.

In his opposition to the writ application, Tower asserts that the three conditions set forth in La.R.S. 23:1031.1(E) for the commencement of the running of prescription for occupational disease claims can occur during the claimant's employment, after the employment has ended, or both during and after employment. Tower does not dispute that the disease first manifested itself and that he had reasonable grounds to believe that the disease was occupationally related before he retired on January 1, 2008.

Nevertheless, Tower contends that although he voluntarily retired on January 1, 2008, the second requirement under La.R.S. 23:1031.1(E), i.e., that the employee becomes disabled as a result of the disease, was not satisfied until 2018 when Dr. Brad LeBert, an ear, nose, and throat specialist, restricted Tower from working in high decibel work environments. In fact, Tower contends that Dr. LeBert did not make the restrictions on his ability to work until after he had already filed his Form 1008 to claim workers' compensation benefits. Citing *Quigley v. Harbor Seafood & Oyster Bar*, 14-332 (La.App. 5 Cir. 10/15/14), 182 So.3d 47, Tower asserts that a claim for SEB, such as the one he has made, does not accrue until the claimant receives a work restriction from a physician. Consequently, Tower argues that prescription could not possibly have started running until Dr. LeBert issued the work restriction in 2018. Tower further points out that his Form 1008 does not contain any dates pertaining to the three events necessary for the commencement of the running of prescription under La.R.S. 23:1031.1(E). As a result, Tower argues that ConocoPhillips was required to prove the triggering dates on which prescription

6

commenced to run and that ConocoPhillips has offered no evidence to show when Tower became disabled from working.

Louisiana Code of Civil Procedure Article 927(A)(1) provides for the objection of prescription by peremptory exception. While the exceptor ordinarily bears the burden of proof on such an exception, if prescription is evident on the face of the petition, the burden shifts to the plaintiff to demonstrate that prescription has been suspended or interrupted. *Rizer v. American Sur. & Fid. Ins. Co.*, 95-1200 (La. 3/8/96), 669 So.2d 387.

A review of the record shows that in his disputed claim form Tower alleged that he was entitled to SEB as well as penalties and attorney fees. He further alleged in general terms, without being date specific, that he suffered an occupationally induced hearing loss while he was in the employ of ConocoPhillips, that the onset of his hearing loss was gradual, that no wage benefits had been paid, and that as of the date of filing, ConocoPhillips had not authorized medical treatment. These allegations do not show that prescription was evident on the face of the petition. Thus, in accord with well established jurisprudence and in conformity with the law of summary judgment, ConocoPhillips, as the mover on the motion for summary judgment, had the burden of proving Tower's SEB claim arising out of an occupational disease was prescribed. La.Code Civ.P. art. 966(D)(1).

From the outset, we find it important to note that under the procedural posture of this case, the issue of disability is as equally important to Tower as it is to ConocoPhillips. In somewhat an unusual manner for purposes of the determination of the peremptory exception of prescription under La.R.S. 23:1031.1(E), it was the burden of ConocoPhillips to establish that Tower was disabled—disabled at the time of his retirement. To evaluate that burden for purposes of summary judgment, it is necessary to refer to the statutory basis for and the jurisprudential treatment of

disability under the Workers' Compensation Act, particularly that of occupational diseases or illnesses.

Whether a plaintiff is disabled as a result of an occupational disease or illness is a question of fact. *Stutes v. Koch Services, Inc.*, 94-782 (La.App. 3 Cir. 12/7/94), 649 So.2d 987, *writ denied*, 95-846 (La. 5/5/95), 654 So.2d 335; *Jones v. Universal Fabricators*, 99-1370 (La.App. 3 Cir. 2/9/00), 758 So.2d 856, *writ denied*, 00-742 (La. 5/12/00), 762 So.2d 13; *Williams v. Pilgrim's Pride Corp.*, 11-59 (La.App. 3 Cir. 6/1/11), 68 So.3d 616, *writs denied*, 11-1793, 11-1794 (La. 10/21/11), 73 So.3d 384. It is equally well settled that the employee must establish that his illness is disabling to receive compensation for an occupational disease. *Coats v. American Tel. & Tel. Co.*, 95-2670 (La. 10/25/96), 681 So.2d 1243. Moreover, disability marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner. *Swearingen v. Air Prod. & Chem. Inc.*, 481 So.2d 122 (La.1986); *Starks v. Universal Life Ins. Co.*, 95-1003 (La.App. 1 Cir. 12/15/95), 666 So.2d 387, *writ denied*, 96-113 (La. 3/8/96), 669 So.2d 400.

Our independent review of ConocoPhillips's motion for summary judgment, and its supporting documents establish the following: (1) Towers had no problems performing his job duties at the time of his retirement; (2) his hearing loss did not affect his job performance; (3) he was never advised by anyone, even as late as when he first filed his disputed claim in 2018, that he was disabled or could not work as a result of a hearing loss; and (5) he did not return to wage-earning work in 2008 because he voluntarily retired.

Based upon the foregoing, it is evident that ConocoPhillips failed to carry its burden of proving Tower's SEB claim arising from an occupational disease was prescribed; thus, the burden of proving otherwise never shifted to Tower. Clearly,

the issue of Tower's disability is a genuine issue of material fact. As stated in *Arrant*, 169 So.3d at 310, "[t]hat the injured worker may or may not be able to continue his employment to be entitled to temporary or total disability benefits, or to supplemental earnings benefits, is a matter of proof at trial." Whether this applies to proving Tower's claim was prescribed or whether it is applied to Tower's proof of entitlement to SEB, such a determination necessarily requires a trial on the merits. Furthermore, a finding that prescription has not run on Tower's claim is in accord with the Louisiana Supreme Court's holding that "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished." *Carter v. Haygood*, 04-646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268.

**WRIT DENIED.**